NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0505n.06

No. 10-6132

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 15, 2012*

LEONARD GREEN, Clerk

RODNEY DUNN,                                               )
                                                          )
      Plaintiff-Appellant,                              )    ON APPEAL FROM THE UNITED
                                                          )    STATES DISTRICT COURT FOR
v.                                                        )    THE MIDDLE DISTRICT OF
                                                          )    TENNESSEE
JERRY SPIVEY, et al.                                      )
                                                          )
      Defendants-Appellees.                             )
                                                          )
                                                          )

Before: BOGGS and GIBBONS, Circuit Judges; RUSSELL, Senior District Judge.[*]

RUSSELL, Senior District Judge. Plaintiff-Appellant Rodney Dunn appeals from the district court's order granting summary judgment in favor of Defendants-Appellees Jerry Spivey, the former Director of the Tri-County Vocation School, and the individual members of the Macon County Board of Commissioners and the Jackson County Board of Commissioners in this 42 U.S.C. § 1983 action. Because we conclude that Defendants-Appellees did not dismiss Plaintiff-Appellant from his teaching position at the Tri-County Vocational School, we AFFIRM the judgment of the district court.

**I.**

---

[*] The Honorable Thomas B. Russell, United States Senior District Judge for the Western District of Kentucky, sitting by designation.

The Tri-County Vocation School ("School"), located in Red Boiling Springs, Tennessee, was a public school established by Macon County, Jackson County, and Clay County to provide vocational education for their high school students. In Fall of 2007, Clay County withdrew its support and relinquished its ownership position in the School. Thereafter the School was jointly owned by Macon and Jackson counties. The School was operated by the Tri-County Board of Directors ("Tri-County Board"), consisting of the mayors of the owning counties, the chair of the school board of the owning counties, and one member of each county commission appointed by the respective mayor and approved by the respective county commission. Jerry Spivey was the Director of the School.

In January of 2001, the Tri-County Board hired Rodney Dunn to teach automobile mechanics at the School. Dunn received his Apprentice Occupational Education License in February of 2001 and his Professional Occupational License in September of 2007. In approximately May of each school year between 2001 and 2007, Dunn was notified that he was re-hired for the corresponding upcoming school year.[1] It is undisputed that Spivey never recommended Dunn for tenure to the Tri-County Board.

For many years the Tri-County Board and officials from the Tennessee Board of Regents ("TBR") had discussed the possibility of the TBR assuming control of the School and converting it from a high-school-level vocational school to a dual-enrollment facility that would operate as an

---

[1] However, whether a class would occur and whether a teacher would actually teach a class were not conclusively determined until the school year started at the end of August. At this point in the school year, the Board could determine if the required number of students had registered for the class and were actually attending the class, and if there was funding for the class.

extension campus of the Tennessee Technology Center at Hartsville. James King, Vice Chancellor of the TBR, addressed the Tri-County Board at a public board meeting on May 1, 2008. At this meeting, King discussed the TBR's plans for the future if it were to take over the School. Specifically, King informed the Tri-County Board that the TBR would make significant investments in some programs but would not offer automobile mechanics because doing so would not be cost effective. The day after this meeting, Spivey informed several teachers what was said at the meeting, including Dunn. According to Dunn, Spivey told him, "I have some bad news, he said they are not going to fund your program next year." However, Dunn continued to work at the School through the end of the 2007-2008 school year.

In August of 2008 the School became the Tennessee Technology Center at Hartsville-Extension Campus, owned and operated by the TBR. The TBR did not offer the automobile mechanics class at the School and Dunn was not re-hired for the 2008-2009 school year. Dunn was not given written notice of his dismissal, was not provided with a hearing, and was not placed on a preferred list for re-hiring, all of which are required under the Tennessee Teachers' Tenure Act, T.C.A. § 49-5-501 *et seq*. ("Tenure Act"), when a tenured teacher is dismissed.

Dunn then filed this 42 U.S.C. § 1983 action against Spivey, in his individual and official capacities; the Tennessee Technology Center; the TBR; Charles Manning, the Chancellor of the TBR; and the individual members of the Jackson and Macon County Boards of Commissioners, in their official capacities.[2] Dunn alleged that, because he was a tenured teacher pursuant to the Tenure

---

[2] Dunn's complaint also alleged an age-discrimination claim, although a stipulation of dismissal was entered regarding that claim.

Act, his discharge from the School violated his constitutional and statutory rights. The district court dismissed the Tennessee Technology Center and the TBR on sovereign-immunity grounds. Dunn and all of the remaining defendants filed motions for summary judgment. Dunn conceded that Spivey, in his official capacity, and Manning should be dismissed from the lawsuit. The district court, ruling on all motions, found that Dunn's 42 U.S.C. § 1983 claims failed because Dunn did not have tenure, and therefore, did not have a protected property interest in his teaching position. Dunn then filed a motion to alter or amend the district court's judgment. With this motion, Dunn filed an audio disc containing the legislative history of T.C.A. § 49-5-504(b), the specific provision of the Tenure Act upon which Dunn relies to support his argument that he attained tenure. The district court denied Dunn's motion, finding that even if Dunn were tenured, he was still not dismissed by the remaining defendants.

On appeal, Dunn contends that the district court erred in finding that the Tenure Act did not confer tenured status on him. Dunn further contends that the district court erred in failing to consider or apply T.C.A. § 49-5-203, a statutory provision addressing the rights of teachers upon school reorganizations, when it determined that he had not been dismissed from his teaching position at the School. Dunn's appeal is limited to his § 1983 claims against the remaining defendants: Spivey, in his individual capacity; and the individual members of the Macon County Board of Commissioners and the Jackson County Board of Commissioners, in their official capacities.

**II.**

No. 10-6132
*Dunn v. Spivey, et al.*

We review *de novo* the district court's grant of summary judgment, drawing all reasonable inferences in favor of the non-movant. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476 (6th Cir. 2010). Summary judgment is appropriate where no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

To survive summary judgment in a 42 U.S.C. § 1983 action, a plaintiff must demonstrate a genuine issue of material fact as to the following elements: (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *McQueen v. Beecher Community Schools*, 433 F.3d 460, 463 (6th Cir. 2006).

### III.

Without regard to whether or not Dunn obtained tenure under the Tenure Act, to succeed on his 42 U.S.C. § 1983 claim, Dunn must show that either Spivey or the individual members of the Macon County Board of Commissioners and the Jackson County Board of Commissioners, in their official capacities, deprived him of his constitutional and statutory rights while acting under color of state law. Thus, if Dunn cannot show that one of these remaining defendants terminated his employment, then Dunn's 42 U.S.C. § 1983 claim cannot succeed.

Dunn suggests that, by transferring the School to the TBR, the Tri-County Board effectively terminated all employees at the School, some of whom were ultimately hired back by the TBR. The Tenure Act empowers *the board* to dismiss tenured teachers and charges *the board* with providing a dismissed teacher with the required constitutional and statutory rights:

5

(1)     When it becomes necessary to reduce the number of teaching positions or nonlicensed positions in the system because of a decrease in enrollment or for other good reasons, the board shall be empowered to dismiss such teachers or nonlicensed employees as may be necessary.

(2)     The board shall give the teacher or nonlicensed employee written notice of dismissal explaining fully the circumstances or conditions making the dismissal necessary.

(3)     A tenured teacher who has been dismissed because of abolition of a position shall be placed on a preferred list for reemployment in the first vacancy the teacher is qualified by training and experience to fill . . . .

T.C.A. § 49-5-511(b)(1)-(3) (2008) (amended July 1, 2011).  Thus, the Tri-County Board was empowered to dismiss tenured teachers in certain situations.  If the Tri-County Board–which Dunn argues is merely an extension of Macon and Jackson counties–terminated Dunn, then the Tri-County Board would be the entity that was required to provide Dunn with the constitutional and statutory protections provided for by the Tenure Act.

Although the Tri-County Board was empowered to dismiss tenured teachers, it did not actually do so in this case.  The district court, ruling on Dunn's motion to alter or amend the judgment, determined that even if Dunn were tenured, the TBR–and not Spivey or the county defendants–terminated Dunn's employment.  Although Dunn contends that the district court erred in not considering and applying T.C.A. § 49-5-203, this statutory provision actually bolsters the district court's conclusion, in providing that:

"[t]he change in the governmental structure of a school system or institution through the process of annexation, unification, consolidation, abolition, reorganization or transfer of the control and operation of a school system or institution to a different type governmental structure, organization or administration shall not impair, interrupt or diminish the rights and privileges of a then existing teacher; and such

6

rights and privileges shall continue without impairment, interruption or diminution."

T.C.A. § 49-5-203(a). That provision further states that "[i]f the teacher becomes the employee of another school system or institution as a result of a change in the governmental structure, then the rights and privileges of the teacher shall continue without impairment, interruption or diminution as obligations of the new government, organization or administration." T.C.A. § 49-5-203(b). The term "rights and privileges" as used in this statutory provision includes tenure status. T.C.A. § 49-5-203(c).

Here, if Dunn were a tenured teacher at the School, his tenure status would have continued uninterrupted after the TBR assumed control of the School and any obligations related to his tenure status would have been assumed by the TBR. *See* T.C.A. § 49-5-203(b). Thus, upon transfer of the School to the TBR, the Tri-County Board was no longer under the obligations set forth in T.C.A. §§ 40-5-511 and 512 with respect to tenured teachers at the School. This is the logical conclusion in this set of circumstances because the Tri-County Board ceased to exist after the TBR assumed control of the School. Implementation of the TBR's decision not to offer the automobile mechanics class, which effectively terminated Dunn's employment, did not occur until after the TBR assumed control of the School. Accordingly, the TBR, by eliminating the automobile mechanics class, terminated Dunn's employment. Because the TBR is not a party to this action, the court need not decide whether the TBR was required to provide Dunn with the constitutional and statutory protections provided by the Tenure Act.

**IV.**

For the foregoing reasons, we conclude that Dunn was not terminated by Spivey or the individual members of the Macon County Board of Commissioners and the Jackson County Board of Commissioners. We therefore AFFIRM the judgment of the district court.